IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELIZABETH NICKELL,

           Plaintiff,

v.                                     Case No. 05-4146-JAR

STANTON COUNTY HOSPITAL,
et al.,

           Defendants.

## **ORDER**

This matter comes before the court upon defendant Arroyo's unopposed Motion for Agreed Order for Disclosure of Employment and Education Records (Doc. 57), seeking an order to permit inspection and reproduction of plaintiff's employment and education records in the possession of "All Employers, Past and Present, and All Educational Institutions and Educators, Past and Present."

The court has reviewed the instant motion and finds that it is silent with respect to whether any attempt has been made to obtain these records through the use of a written release and/or subpoena pursuant to Fed. R. Civ. P. 45. Fed. R. Civ. P. 34 provides that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45. Fed. R. Civ. P. 45 defines a procedure for the issuance and use of subpoenas to obtain production or permission for an inspection from third parties in possession of information.

The court is not inclined to look with favor upon any motion requesting an order to compel production or permit inspection of items in the possession of a third party without a showing that the party seeking such an order has first attempted to obtain the production or inspection through the use of a written

release authorizing disclosure of such records or a subpoena pursuant to Fed. R. Civ. P. 45 and has been unsuccessful. As such, the court finds that defendant's motion does not make a sufficient showing of efforts made to obtain the desired production or inspection through the use of a release or a subpoena and will deny it without prejudice for that reason.

As this denial is without prejudice, the parties may, should they find it necessary, file a new motion, providing the court with a showing that they have first sought to obtain the information at issue through the use of a written release or a subpoena and that such efforts were unsuccessful, and the court will entertain their motion at that time.

**IT IS THEREFORE ORDERED** that defendant Arroyo's unopposed motion for Agreed Order for Disclosure of Employment and Education Records (Doc. 57) is hereby denied without prejudice.

**IT IS SO ORDERED.**

Dated this 24th day of April, 2006, at Topeka, Kansas.


s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge